## HENRY LAW v. THE STATE.

1. Circumstantial evidence may be, and often is, as strong and conclusive as direct and positive evidence.
2. To warrant a conviction of felony, upon circumstantial evidence, all that the law requires of a jury is that their minds shall be satisfied beyond a reasonable doubt of the guilt of the accused.

APPEAL from Gonzales. Tried below before the Hon. Wesley Ogden.

The appellant was indicted for the theft of some six hundred dollars, gold and silver coin, the property of Amasa Turner. He was found guilty by a jury, who assessed his punishment at seven years in the penitentiary. Being refused a new trial, he appealed.

The case was one of circumstantial evidence only. No witness saw the prisoner take the money. The only evidence relied on by the defense was testimony to the effect that the defendant had been seen, before the theft, to have considerable sums in coin, of the same denomination of that stolen.

As the opinion of this court does not deal with the facts in detail, nor deduce from them any legal principle that would be elucidated by a rehearsal of the evidence, there is no occasion to go into further particulars of the case.

*Mills & Tevis*, for the appellant, commented upon the evidence to show that it was not sufficient to sustain the conviction.

*E. B Turner*, Attorney General, for the State, cited as to the sufficiency of the evidence, 28 Texas, 496, 113 and 65.

LINDSAY, J.—After examining this record carefully, the court is not able to detect any errors which would justify a reversal of the judgment and the award of a new trial to the prisoner. The

indictment is good and sufficient.    No misruling of the court upon the admission of evidence in the progress of the trial is apparent.    The law, upon the facts presented in the statement, is correctly expounded by the court in its charge to the jury, and the only question mooted in this appeal is that of the sufficiency of the evidence before the jury to establish the guilt of the accused.    The evidence was circumstantial.    Circumstantial evidence is often as strong and as conclusive upon the understanding as direct and positive evidence.    All that the law exacts of a jury in such a case is that their minds should be satisfied beyond a reasonable doubt of the guilt of the prisoner.    They were so admonished in the charge of the court.    There was evidence enough adduced upon the trial to satisfy the judgment of any juror who was not hypercritically sceptical.    The positive proof arrayed in the defense to explain the circumstances were not of such a character as to destroy, or even to modify, the moral force of the concatenation of facts indicating the prisoner as the guilty agent. The judgment is therefore affirmed.

Affirmed.