## CHARLES BROWN *v.* THE STATE.

1. CORPUS DELICTI—EVIDENCE.—Though necessary in every criminal case that the *corpus delicti* be proved, yet the proof may be made by circumstantial, as well as direct, evidence; and the legal test of its sufficiency is whether it satisfies the understanding and conscience of the jury beyond a reasonable doubt.

2. NEW TRIAL—CONFLICT OF TESTIMONY.—Five state's witnesses testified that the animals charged to have been stolen were in the mark of the party alleged by the indictment to be the owner; six witnesses for the accused testified that they were in a different mark, belonging to a different party. Accused, being convicted, moved the court below for a new trial, which was refused. *Held*, that the conviction will not be disturbed by this court.

3. REASONABLE DOUBT.—It was not error to instruct the jury that the doubt on which they should acquit "was not a mere speculative doubt."

APPEAL from the Criminal Court of the city of Tyler. Tried below before the Hon. J. L. CAMP.

---

[1] White, J., did not sit in this case.

*Jones & Henry*, for the appellant.

*H. H. Boone*, Attorney General, for the State.

WHITE, J.   In this case the appellant was indicted for
the theft of two hogs, the property of one Austin Rose, and
was tried and found guilty, and his punishment assessed at
two years in the penitentiary.

The principal errors complained of were : 1st, error in
the charge of the court ; and, 2d, that the verdict of the
jury was contrary to the weight of the evidence.

We will notice the last ground of complaint first.

The counsel for appellant, in their very able brief, insisted
that the *corpus delicti* was not sufficiently proved, and that,
at least, only a *prima facie* case was made out by the state,
which was abundantly rebutted by the testimony of the
defendant.

Treating upon this subject of *corpus delicti*, Mr. Bishop,
in his work on Criminal Procedure, says : " In this country,.
to some extent, the rule of caution has been accepted as the
rule of the law ; and it has been by several courts held that
neither circumstantial proof, nor proof by confessions of the
defendant, can be accepted as satisfactory in law unless
there is direct evidence of the *corpus delicti*.   *   *   *   If
we look to the matter as one of legal principle we can
hardly fail to be convinced that, while the *corpus delicti* is a
part of the case which should always receive careful atten-
tion, and no man should be convicted until it is in some way
made clear that a crime has been committed, yet there can
be no one kind of evidence to be always demanded in proof
of this fact any more than of any other."   1 Bishop's Cr:.
Pro., sec. 1071.

Mr. Greenleaf says : " The proof of the charge in crimi-
nal cases involves the proof of two distinct propositions :
1st, that the act itself was done ; and, 2d, that it was done

by the person charged, and none other; in other words, proof of *the corpus delicti* and *the identity of the prisoner*. It is seldom that either of these can be proved by direct testimony, and, therefore, the fact may lawfully be established by circumstantial evidence, provided it be satisfactory." And again: "It is obvious that on this point no precise rule can be laid down except that the evidence ought to be strong and cogent, and that innocence should be presumed until the case is proved against the prisoner, in all its material circumstances, beyond any reasonable doubt." 3 Greenl. on Ev., sec. 30.

To sum up the whole matter, a conviction for larceny should never be sustained without proof of the theft being committed.

In the case under consideration the witness, Austin Rose, states that three of his hogs were missing about the 5th of January, 1874; that he discovered in the woods where three hogs had been killed, and two of them had been dragged through the snow in the direction of defendant's house and near thereto; that afterwards he learned defendant had sold two hogs to one Tevy Lyons, in the neighborhood; that he went to her house and found some hog meat that looked as if the hogs had been killed some days, and comparing in size to the hogs he had lost; he also found there one ear, and but one, of a hog marked with a swallow fork and underbit; that the marks of his missing hogs were a swallow fork and underbit in each ear; that his hogs were taken by some person, though he did not know, or undertake to say that he knew, of his own knowledge that defendant had taken his hogs. Four other witnesses corroborated his testimony as to the marks in the ears of the two hogs sold by defendant to Tevy Lyons, to wit, that they were marked with a swallow fork and underbit in each ear. Six witnesses for the defense swore that the ear-marks upon the two hogs sold by defendant to Tevy Lyons were

different from the ear-marks sworn by Austin Rose to be on his hogs; and one of the witnesses, a brother of defendant, swore that the hogs sold by defendant to Tevy Lyons belonged to a lot of hogs bought by defendant and himself of their old master.

It will be seen that the evidence was directly conflicting and contradictory. The charge of the court upon the rules in regard to circumstantial and contradictory evidence was concise, comprehensive, and correct, and was certainly as favorable to the defendant as the facts warranted.

The rules of law involved in cases of circumstantial and contradictory evidence are so fully stated by Mr. Justice Reeves, in delivering the opinion of our supreme court in the case of *Williams* v. *The State*, that I deem it appropriate to quote *in extenso*. He says: "It is said that circumstantial evidence is often as strong and conclusive upon the understanding as direct and positive proof, and all that the law exacts from the jury in such a case is that their minds should be satisfied, beyond a reasonable doubt, of the guilt of the prisoner. *Law* v. *The State*, 33 Texas, 37. Or, as laid down by Starkie, and quoted in *Henderson* v. *The State*, 14 Texas, 514: 'What circumstances will amount to proof can never be matter of general definition. The legal test is the sufficiency of evidence to satisfy the understanding and conscience of the jury. On the other hand, a juror ought not to condemn unless the evidence excludes from his mind all reasonable doubt of the guilt of the accused.' *Shultz* v. *The State*, 13 Texas, 401; *Brown* v. *The State*, 23 Texas, 195. The evidence, if not conflicting, tended to establish different and opposite conclusions; and in such cases it is for the jury to find their verdict upon the evidence which in their judgment is entitled to most credit. And when, in a criminal case, the jury have seen fit to believe the witnesses for the state in preference to those of the

defendant, and the judge who tried the cause below has not seen fit to set aside the verdict of guilty, on a motion for a new trial, the conviction will not be disturbed in this court. *Seal* v. *The State*, 28 Texas, 491; *Coats* v. *Elliott*, 23 Texas, 613; *Patton* v. *Gregory*, 21 Texas, 519;" *Nathan Williams* v. *The State*, 41 Texas, 209.

Applying these principles to the case at bar, as presented by the evidence, we think the charges as given upon these points well conceived, and sufficiently expressed to apprise the jury of their duty in the premises.

In regard to the other portion of the charge which is specially objected to as error, we find it couched in these words in the record : "If you, from the evidence, believe that there is a reasonable doubt of the defendant's guilt—not a mere speculative doubt, reasonable within itself—arising out of the evidence, which you cannot harmonize with the evidence under the rules here given you, you should give the defendant the benefit of such doubt and acquit him."

We do not see the force of the objection contended for by counsel. Unquestionably the proposition stated in the brief of counsel is correct, "that, if a jury entertain a reasonable doubt of the guilt of a defendant in a case, they are not required to harmonize it, or to try to harmonize it, with the evidence before they acquit. The entertainment of the reasonable doubt is all that is necessary."

It seems to us that the charge goes further than is ordinarily the case in favor of the defendant. The construction we place upon it is that the jury were told that it was not necessary to harmonize the reasonable doubt with the other evidence; for they were instructed that, if they could not harmonize it, they should give the defendant the benefit of it and acquit him; in other words, as we take it, that they were not required to harmonize it.

In characterizing the reasonable doubt it will be seen that

the judge used the expression, "not a mere speculative doubt." There was no error in this. *McGuire* v. *The State*, 43 Texas, 210.

There is scarcely a case of any importance appealed from the lower court in which the instructions of the judge upon the reasonable doubt are not made the subject of comment. Our supreme court took occasion, in the case of *Monroe* v. *The State*, 23 Texas, 210, to commend the definition, by the Hon. Peter W. Gray, of this doubt. He said, substantially, that the reasonable doubt was such a doubt as fairly and naturally presented itself from the facts which the jury believed to be true; that the rule was that all the material facts which they believed to be true should lead in such a manner to the conclusion, to a moral certainty, that defendant was guilty as that they could not reasonably believe otherwise. See, also, *People* v. *Ash*, 2 Green's Cr. Rep. 398; *May* v. *The People*, 2 Green's Cr. Rep. 555; *State* v. *Reed*, 2 Green's Cr. Rep. 468.

We are of opinion that the questions of law and fact in this case were fairly and fully presented to the jury, and that there was sufficient evidence to warrant the jury in arriving at the verdict found by them.

There being no error in the judgment of the lower court, it is affirmed.

*Affirmed.*