## CHARLES HAYNIE v. THE STATE.

CHARGE OF THE COURT—FILE-MARK.—The transcript of a felony case
must show that the charge of the court *was filed* in the court below; other-
wise the charge, however correct, cannot be deemed authenticated, and a
conviction must be set aside. Proper practice is to require the clerk to
put his file-mark on the charge as soon as it is read to the jury and before
it is delivered to the jury.

APPEAL from the District Court of Harrison. Tried
below before the Hon. A. J. BOOTY.

*W. S. Coleman*, for the appellant.

*George McCormick*, Assistant Attorney General, for the
State, filed a very cogent argument to show that the
statutory provisions respecting the filing of papers were
directory only, citing *Carter* v. *The State*, 12 Texas, 502;
*Vanwey* v. *The State*, 42 Texas, 639; *Lunsford* v. *The
State*, 1 Texas Ct. App. 448; *Brown* v. *The State*, 40
Texas, 50; *Martin* v. *The State*, 40 Texas, 19; *Engleman*
v. *The State*, 2 Ind. 91; and *The State* v. *Clarkson*, 3
Ala. 378.

He also urged the fact that the defendant's motion for
new trial and his assignment of errors recognized the
charge of the court.

WHITE, J. At the Austin term, 1877, we had occasion
to reverse this case on the first appeal for errors in the ad-
mission of the testimony, and in the refusal of the court to
give in charge to the jury a certain special instruction asked
by the defendant. 2 Texas Ct. App. 168.

As now presented, the case is one entirely of circum-
stantial evidence. The court properly instructed the jury
" that, where a conviction is sought upon circumstantial evi-
dence alone, the facts relied upon must be absolutely incom-

patible with the innocence of the defendant, and incapable of explanation upon any other reasonable hypothesis than that of the guilt of the defendant." This charge was correct, and presented the law in concise and apt language, and is in perfect harmony with the rule as stated in *Williams* v. *The State*, 41 Texas, 209.

The charge, as a whole, submitted the law applicable to the facts fully and fairly to the jury, and no objection of any character is urged to it except that it does not bear the file-mark of the clerk, and there is nothing, in fact, in the transcript to show that it was ever filed as part of the proceedings in the case. Our statute provides that "it is the duty of every clerk of the District Court to receive and file all papers in respect to criminal proceedings." Pasc. Dig., art. 2514.

The act to regulate proceedings in the District Court provides that "no paper shall be considered as filed in the proceedings of any cause unless the clerk shall have indorsed thereon the day on which it was filed, and sign his name thereto." Pasc. Dig., art. 1445.

In the case of *Smith* v. *The State* this court said: "We are of the opinion that the statute requiring the charge to be in writing and signed by the judge is, in criminal cases of the grade of felony, mandatory; and that the charge should not only be in writing and bear the signature of the presiding judge, but, on appeal, the record should go further and show either that the charge in question was *given* or *refused*, and bear the file-mark of the clerk embodied in the face of the transcript, and not by a mere note in the margin of the record." 1 Texas Ct. App. 408.

In *Lindsay* v. *The State* it was said: "The paper embodied in the record, purporting to be the charge of the court, is not signed by the judge, nor does it bear the file-mark of the clerk. * * * In criminal cases of the

grade of felony the positive requirements of the statute have in no case, so far as we are advised, been treated as otherwise than mandatory." 1 Texas Ct. App. 584.

The rules with regard to the mode and manner of preparing and giving charges to juries in criminal cases will be found in Paschal's Digest, articles 3059 to 3067. And though it is evidently contemplated that the charge will be handed to the jury, to be taken by them upon their retirement to their room, only when they request it, and that then a *copy*, and not the original, shall be given them (art. 3066), yet we believe that the practice has now become uniform for the judge to furnish them with the original. When this is done, and in fact in all cases, the proper practice is to hand the charge first to the clerk, and require him to file it as soon as it is read to the jury, before they are furnished with a copy or the original.

We deem it unnecessary to notice any of the other supposed errors complained of. For the reason above set forth, the judgment must be reversed and the cause remanded for a new trial.

*Reversed and remanded.*