## SAM JONES *v.* THE STATE.

1. EVIDENCE. — By the Code of Criminal Procedure, the jury are the exclusive judges of the facts in every criminal case. And, except where it is provided by law that proof of any particular fact is to be taken as either conclusive or presumptive proof of the existence of another fact, or where the law directs a certain degree of weight to be attached to certain species of evidence, the jury are the exclusive judges of the facts proved, and of the weight to be given to the testimony.

2. SAME. — The rule, as laid down by the Supreme Court, and adopted by this court, is that where there is discrepancy or conflict in testimony, it is the province of the jury to reconcile it, if possible; and, if not, to give credence to that which, in their opinion, is best entitled to it.

3. SAME. — Primarily the court below, and afterwards this court, must determine whether or not there has been adduced before the jury a sufficient amount of legal and competent evidence to render it safe to allow the verdict to stand, and become a precedent for the adjudication of offences under the law.

APPEAL from the District Court of Harrison. Tried below before the Hon. A. J. BOOTY.

The case is stated in the opinion.

*A. A. Richards* and *W. H. Pope*, for the appellant.

*George McCormick*, Assistant Attorney-General, and *W. B. Dunham*, for the State.

WINKLER, J. The only question of moment presented by the record in this case is as to the sufficiency of the evidence to support the verdict and judgment.

The prosecution rested alone upon the testimony of the

alleged owner of the hog charged to have been stolen. The defence produced the wife of the defendant, her mother, grandmother, and grandfather, apparently for the purpose of establishing the fact that the hog testified to by the State's witness was not his, but that it belonged to the wife of the defendant. There was such irreconcilable conflict between the statements of the prosecuting witness and those of the defendant's witnesses that they cannot both be supposed to have spoken truly in every particular.

By the Code of Criminal Procedure, " the jury are the exclusive judges of the facts in every criminal case." Art. 593. And, except where it is provided by law that proof of any particular fact is to be taken as either conclusive or presumptive proof of the existence of another fact, or where the law directs that a certain degree of weight is to be attached to a certain species of evidence, " the jury are the exclusive judges of the facts proved, and of the weight to be given to the testimony." Art. 643 (Pasc. Dig., arts. 3058, 3108).

The rule was announced by the Supreme Court, Willie, J., delivering the opinion of the court, in *Seal* v. *The State*, 28 Texas, 491, to this effect: " If there was a discrepancy or conflict in their testimony, it was the province of the jury to reconcile it, if possible ; and, if not, to give credence to that party who, in their opinion, was best entitled to it. They have chosen to disregard the statements of defendant's witnesses, and give credit to the evidence offered by the State ; and as the judge who tried the case below, and who, of course, had every opportunity of seeing the manner of the witnesses at the time of giving their testimony, and of knowing all the other circumstances under which their evidence was taken, did not see proper to set aside the verdict, we see no reason why this court should disturb it." In *Williams* v. *The State*, 41 Texas, 209, the same doctrine was held, and cited approvingly by this

court in *Brown* v. *The State*, 1 Texas Ct. App. 154, and may be regarded as settled law, subject to the isolated exception that a conviction will be set aside, on appeal, when it appears it was not had upon evidence sufficient to support it, as was held in *Tollet* v. *The State*, 44 Texas, 95, where it was decided, by Roberts, C. J., that the provisions of the Code impose upon the District Court in the first instance, and afterwards upon the Supreme Court, the responsibility of determining whether or not there has been adduced before the jury a sufficient amount of legal and competent evidence as would render it safe to allow the verdict to stand, and become a precedent in the adjudication of offences under the law.

This court received from the Supreme Court the rule laid down in Seal's and Williams's cases, above referred to, as modified in Tollet's case, above, as settled law, and has followed the rule and the modification since the organization of the court; and we have not heretofore seen, nor do we now see, any reason for departing therefrom. *Aycock* v. *The State*, 2 Texas Ct. App. 381; *King* v. *The State*, 4 Texas Ct. App. 256. The general rule is, when the evidence on the trial of a criminal case tends to establish different and opposite conclusions, it is for the jury to find their verdict upon the evidence which, in their judgment, is entitled to most credit; and if the judge who tried the case has refused to set aside a verdict of guilty found on such evidence, the conviction will not be disturbed by this court.

No objection has been taken to the indictment or to the charge of the court, and none is perceived. The evidence of the State's witness, which the jury evidently believed in preference to the statements of the defendant's witnesses, was sufficient to support the finding of the jury. The judgment is affirmed.

*Affirmed.*