### HENRY M. PHARR *v.* THE STATE.

1. EVIDENCE—DECLARATIONS OF AN ACCUSED.— Declarations made by a party accused of crime are not admissible as evidence in his behalf, unless they form a part of the *res gestæ*, or are a part of a confession offered by the prosecution, or come within the rule that when a part of an act or declaration has been given in evidence the whole may be required.

2. EVIDENCE—RES GESTÆ.— Declarations of a party charged with murder, which were made the day after the killing, and many miles from the scene, form no part of the *res gestæ*.

3. CHARGE OF THE COURT—PRACTICE.— Article 783 of the Code of Criminal Procedure inhibits, in an argument upon a second trial, any allusion to a former conviction, but does not prohibit a reference in the charge of the court to a former acquittal of higher grades of the offense charged in the indictment.  It was not error, therefore, for the District Judge, in his charge to the jury on the second trial of a defendant charged with murder, to state that the defendant had been acquitted of murder in the first degree, and that, therefore, there was no occasion for him to explain to the jury the difference between the two degrees of malice.  In such cases it is proper for the judge to instruct the jury, in appropriate

language, that they should not consider the subject of murder in the first degree.

4. SAME — CERTAINTY.— Moral certainty is that degree of certainty which is supported by a reasonable probability, founded on the experience of the ordinary course of things, and consequently must be reasonable in itself. It was, therefore, not error in a charge on circumstantial evidence to instruct the jury that all the circumstances, when taken together, must lead to a satisfactory conclusion and produce in effect a *reasonable and* moral certainty that the defendant and no other person committed the offense charged.

5. SAME.— The italicising or underscoring of the word "unlawfully" in a charge of the court on a case of murder affords the accused no ground of complaint. The killing to be criminal must be unlawful, and this cannot be too pointedly called to the attention of the jury.

APPEAL from the District Court of Johnson county. Tried below before the Hon. Jo. ABBOTT.

The appellant was charged by indictment with the murder of an unknown party on 14th day of July, 1877. This is the third appeal in the case, the first report of it being in 7 Texas Ct. Appeals, p. 472, and the second in 9 Texas Court of Appeals, p. 129. On the last trial he was again convicted of murder in the second degree, and his punishment assessed at five years' confinement in the penitentiary; from which judgement this appeal is prosecuted.

A statement of the facts will be found in the report of the case at page 472, 7 Texas Ct. App.

*Brown, Hall & Ramsey,* and *Jack Davis,* for the appellant.

*Horace Chilton,* Assistant Attorney General, for the State.

WHITE, P. J. There is a marked difference in the attitude of the prosecution in this case and that occupied on the second appeal (9 Texas Ct. App. 129), in respect to the statements made by appellant to the witness Coulter

on the day after the latter had arrested him for the murder. On the former appeal the State had elicited from the witness on his direct examination a part of the conversation which ensued between defendant and witness, with regard to the killing, after the witness had informed the prisoner of the cause of his arrest. Part of this conversation, or part of the declarations made use of by defendant at the time, having been drawn out by the State, it was held error for the court to refuse to permit defendant to put in evidence the whole of the conversation upon the same subject, or any other act or declaration necessary to make it fully understood, or to explain the same. Code Crim. Proc. art. 751.

In the present case the State appears carefully and successfully to have avoided drawing out from the witness any part or portion of such conversation. On cross-examination, defendant's counsel proposed to institute inquiry into this conversation and to introduce in evidence the statements and declarations then made therein by the defendant as to the causes and circumstances of the killing. On objection by the prosecution the court refused to admit the declarations and statements. In this the court did not err. Nothing had been elicited by the State requiring explanation, and no part of the conversation had been drawn out.

Declarations made by a defendant in his own favor are not admissible in his behalf unless part of the *res gestœ*, or part of a confession offered by the prosecution; or unless coming within the rule that when part of an act, declaration, etc., is given in evidence the whole may be required. Whart. Crim. Ev. (8th ed.) sec. 690; Code Crim. Proc. art. 751. The proposed declarations having been made the day after the murder and many miles distant from the scene, they were clearly not part of the *res gestœ*. Whart. Crim. Ev. § 691; *Foster* v. *State*, 8 Texas Ct. App. 248; *Boothe* v. *State*, 4 Texas Ct. App. 202.

Several grounds of complaint are urged to the charge of the court. It is contended that it was error to instruct the jury, in the 7th paragraph, as follows, viz.: "In this case the defendant has been acquitted of murder of the first degree, and therefore there is no necessity for explaining to you the difference between the two degrees of malice." It is said in the brief of counsel that "it was error in the court to refer to the former trial of this case, implying, as such reference did, that defendant had been convicted for any purpose" (citing Code Crim. Proc. art. 783, etc.). The article referred to inhibits an allusion to *a former conviction* in the *argument* on a second trial, and not to a reference in the charge of the court to *a former acquittal* of one of the higher degrees charged in the indictment. The correctness of such a reference by the court to a former acquittal of murder in the first degree was controverted in *West* v. *State,* 7 Texas Ct. App. 150, and the manner in which the court made the reference was much more objectionable than as here presented, and it was there held not only that the error was one not calculated to injure the rights of the defendant, but it was said with regard to the duty of the judge in such cases: "He should have informed the jury in some appropriate language that they would not consider the subject of murder in the first degree, or that they would not consider any higher grade of offense than murder in the second degree, without saying in effect that the defendant had already been once convicted of murder in the second degree."

Its sufficiency and correctness as to circumstantial evidence is another supposed error in the charge which is complained of by appellant. The particular portion assigned as error is the following part of paragraph 14, viz.: "all the circumstances, when taken together, must lead to a satisfactory conclusion, and produce in effect a reasonable and moral certainty that the defendant, and no

other person, committed the offense charged." Objection is that circumstantial evidence is in law only required to produce in the minds of the jury "a moral and not *a reasonable* certainty." We confess it requires a refinement of discrimination which we cannot appreciate to discover how it would be possible for the defendant to be injured by the court's requiring " a reasonable and moral certainty " as the effect to be produced by the evidence instead of limiting the effect to " moral certainty " alone. Moral certainty is that degree of certainty which is supported by reason or probability, founded on the experience of the ordinary course of things, and consequently must be reasonable in itself.

No form of words have been prescribed for a charge upon circumstantial evidence. In the case before us the charge is amply sufficient to instruct the jury as to its sufficiency and conclusiveness. *Williams* v. *State*, 41 Texas, 209; *Rodriguez* v. *State*, 5 Texas Ct. App. 256; *Hunt* v. *State*, 7 Texas Ct. App. 212; *Rye* v. *State*, 8 Texas Ct. App. 153; *Simms* v. *State*, 8 Texas Ct. App. 230; *Taylor* v. *State*, 9 Texas Ct. App. 104.

Another objection urged to the charge is that the word "unlawful" when used with the word "killing" is italicised or underscored. We see no ground of complaint in this, because every killing to be criminal must be unlawful, and that it must be so cannot, we conceive, be called too prominently to the attention of the jury. We notice that the word is underscored where, if any particular significance should be given to that fact, it would inure to the benefit of the defendant. As a whole, we see no objection to the charge. It was a fair and full exposition of the law applicable to the facts.

There is no error for which the judgment should be reversed, and it is therefore in all things affirmed.

*Affirmed.*