GEORGE CAVE v. THE STATE.

CIRCUMSTANTIAL EVIDENCE.—The jury was charged, in instruction No. 4, that a reasonable doubt "is not a mere fanciful or imaginary one, but grows out of the testimony, or the want of it, and leaves the mind in that condition, that after full investigation of all the facts detailed in evidence, you cannot say you have an abiding conviction that he is guilty of the charge." Instruction No. 5 was to the effect that a conviction might be had on circumstantial testimony, "but the circumstances proven must justify full belief, according to the rule of certainty defined in charge No. 4: *Held*, that there was no error in the instructions.

APPEAL from Collin. Tried below before the Hon. Silas Hare.

*R. Maltbie*, for appellant.

*George Clark, Attorney General*, for the State.

REEVES, ASSOCIATE JUSTICE.—The court did not err in refusing to quash the indictment in this case, and the defendant's motion for that purpose was properly overruled.

The defendant was tried and convicted on a charge of theft of money from one James Pullen, and the jury assessed his punishment at two years' confinement in the penitentiary. The defendant moved for a new trial, alleging error in overruling his motion to quash the indictment, error in the instructions given to the jury, and for

refusing instructions asked by him, and because the verdict was contrary to the law, the evidence, and the charge of the court. The charges numbered four, five, and six, were excepted to, as stated in the bill of exceptions, because they were vague and indefinite, and calculated to mislead the jury.

The fourth charge defines what is meant by a reasonable doubt; that "it is not a mere fanciful or imaginary one, but grows out of the testimony, or the want of it, and leaves the mind in that condition, that after full investigation of all the facts detailed in evidence, you cannot say you have an abiding conviction that he is guilty of the charge."

By the fifth, the jury are charged that a conviction may be had upon circumstantial as well as positive testimony; "but the circumstances proven must be of such a nature as generate and justify full belief, according to the rule of certainty defined in charge No. 4."

The sixth charge is, in substance, that if it should appear from the evidence that some other person than the defendant took the money, the jury should acquit. These charges, and the general charge of which they form parts, contain a full and clear statement of the law applicable to the case. They embrace substantially the instructions asked by the defendant, and it was not necessary that the instructions given by the court should be repeated or given in the language asked by defendant.

As contended by counsel for appellant, the case depended on circumstantial evidence, and required full instruction on that branch of the law. The charge is in accordance with the rulings of this court. (Shultz v. The State, 13 Tex., 401; Henderson v. The State, 14 Tex., 503; Brown v. The State, 23 Tex., 195; Law v. The State, 33 Tex., 37.)

It is further objected that the verdict of the jury is contrary to the evidence.

The witness, Pullen, stated that he had forty-five dollars gold: one twenty-dollar piece, two tens, and one five-dollar

gold piece, all contained in a buckskin purse; that he left his purse in his house on a shelf, came out and shut the door. Soon after the defendant came up and asked for a drink of water, and was told to go into the house for it, which he did. Other persons came up soon after, and asking for water, the defendant went into the house again and brought out the bucket of water. This witness says the defendant went into the house three times; that he could not see him while in the house, and that there was no one with him in the house at the time. The defendant left in company with the persons just mentioned. Before these parties left, a man named Hawkins came to the house or bridge, and remained after the other parties had gone away. About an hour afterwards the witness missed his purse and money. He and Hawkins followed in the direction defendant had gone, and as defendant was walking, they followed his track, and found that he had turned off the road and gone along a trail parallel with the main road. The money was not found that day. On the next day the purse and money (except the five dollars) were found behind a log near the trail traversed by defendant the day before, which the witness says he recognized as his. It further appears that a man named Milligan came to the house, and that the witness had some conversation with him. The witness thinks that Hawkins could not have taken the money, and it is not shown that Milligan could have taken it. The defense is made to rest mainly on the supposition that Hawkins was the guilty party, or at least that he or some one else than defendant may have taken the money. But this is not probable, if possible, when it is borne in mind that the money was found near the trail along which it is shown the defendant passed the day before, and where no one else had been, as but one track was found that way, and that, as appears, must have been made by the defendant. It is true the witness Pullen did not recollect making certain statements before the examining court to which his

attention was called on the trial in the court below, yet they are not of such a character as to cast suspicion on his evidence, and was not, as may be supposed, so regarded by the jury.   The guilt of the accused does not, however, depend on the testimony of this witness only, but his guilt, as shown by attending facts and circumstances in evidence, would seem to be established beyond any well-founded doubt.   Tested by the well-established rules of law, and leaving the jury to pass upon the evidence and to judge of the credibility of the witnesses, and the weight to be given to their evidence, we cannot, without invading their province, set aside their verdict.

There is other evidence in the case, but as it could not change the result, it is not stated in the opinion.

AFFIRMED.