### F. JOHNSON *v.* THE STATE.

**1.** EVIDENCE—INFANT WITNESS.—On her *voire dire* a witness for the state, ten years old, stated her age, and that she attended Sunday-school, and knew it was wrong to tell a lie. Counsel for the accused did not further test her

understanding, but objected that her competency was not shown. *Held,* that this court cannot conclude that the court below erred in overruling the objection and admitting the witness.

2. ASSAULT WITH INTENT TO MURDER.—The intent is an essential ingredient of a correct definition of assault with intent to murder.

3. CHARGE ON THE WEIGHT OF EVIDENCE.—The jury are the exclusive judges of the weight of evidence, except when it is provided by law that a certain weight or effect is to be attached to a certain species of evidence; and a judge, in framing his charge to a jury, should not undertake to advise them as to the proper process of reasoning upon the facts, or to instruct them upon the weight and effect of the evidence. A charge may be erroneous in this respect, notwithstanding it explicitly instructs the jury that they are the exclusive judges of the weight of the evidence.

4. SAME—PRACTICE.—If the charge to the jury is upon the weight of the evidence, it should be excepted to at the time to entitle the objector to the full benefit of the objection. If first raised by the motion for a new trial, it will not be error unless it appears from the entire record that the charge was calculated to prejudice the rights of the party.

APPEAL from the District Court of McLennan. Tried below before the Hon. X. B. SAUNDERS.

The material facts are disclosed in the opinion.

*Herring, Anderson & Kelley,* for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

ECTOR, Presiding Judge. The appellant was tried and convicted of an assault with intent to murder Mrs. Mary Wood. He made a motion for new trial, which was overruled, and he took an appeal to this court.

We believe that the objection taken by the defendant, through his counsel, to the admissibility of the evidence of Lottie Wood was properly overruled. On the trial of the cause the state offered as a witness Lottie Wood, who, upon oath, being examined upon her *voire dire,* said that she was ten years old last July (1876); that she went to Sunday-school every Sunday, and that it was wrong to tell a story.

Whereupon the court declared her a competent witness, and she was allowed to testify for the state, over the objection of the counsel for the defendant, as follows : "That said Lottie did not show by her manner that she knew the nature and obligation of an oath, or the legal consequence of swearing falsely." There is nothing in the record to show .that the counsel for the defendant desired, in person or .through the court, a further examination of the witness as to whether she was of sufficient understanding, or was sufficiently instructed in the nature and obligation of an oath.

It is the usual custom for the court to examine a child, in .order to ascertain his or her capacity to be sworn. In this instance the little girl said she knew it was wrong to tell a lie. The court was doubtless satisfied, from the manner .and answers of the witness, as to her capacity to testify, .and we see nothing in the record that would authorize us to conclude that the court erred in the exercise of its dis-.cretion.

The conviction did not rest alone upon the evidence of the witness Lottie, but she is supported by the evidence of her mother. Cases may, and do, occur where intelligent chil-.dren, after they have been subjected to cross-examination, .show themselves entitled to as much credit as grown persons. What is wanted in the perfection of the intellectual faculties is fully compensated by the absence of motives to deceive.

The 2d error embraced in defendant's motion for new trial is that the court erred in its instructions to the jury, and especially in commenting on the weight of evidence as to an *alibi.*

It will be necessary, to a proper understanding of this .error complained of, for us to give a portion of the charge of the court. The court charged the jury :

"2d. If you believe from the evidence, beyond a reason-.able doubt, that the defendant, in the county of McLennan,

on or about the 12th day of November, 1876, shot at Mrs. Mary Wood with a loaded pistol, and thereby inflicted a wound upon her, it is your duty to find him guilty of an assault with the intent to murder, and assess his punishment at confinement in the penitentiary of this state for the period of not less than two nor more than seven years." In an indictment for an assault and battery with intent to murder, the intent with which the injury is inflicted constitutes the offense.

The 3d instruction given by the court to the jury is as follows:

"The defendant relies upon an *alibi* for his defense to the charge in the indictment, or, in other words, that he was somewhere else at the time the lady, Mrs. Wood, was shot, and that, therefore, it was impossible for him to have been the party who committed the offense. On this point you are instructed that an *alibi*, clearly proved and satisfactorily established to the jury, is the strongest kind of exculpatory evidence; but if not so clearly and certainly proved by the defendant, but if, on the other hand, the state has presented the positive testimony of a witness or witnesses that they know the defendant was the man who committed the offense, and if the character of the state's witness or witnesses for truth and veracity is unimpeached, you will be justified in attaching more weight to it than to the testimony of any number of negative witnesses or uncertain witnesses on the subject of *alibi;* and you are the sole and exclusive judges of the credibility of witnesses and the weight to be attached to their testimony; and in this connection you are charged that, no matter how unchaste a woman may be, it of itself does not affect the credibility of her testimony, and will not justify or excuse any person for the offense of attempting to take her life."

The above is a charge upon the weight of testimony. The jury, in all cases, are by law the exclusive judges of

the facts, and of the weight to be given to the testimony, except when it is by law provided that proof of any particular fact is to be taken as either conclusive or presumptive proof of the existence of another fact, or when the law directs that a certain degree of weight is to be attached to a certain species of evidence.

It is made the duty of the judge to deliver a written charge, "in which he shall distinctly set forth the law applicable to the case;" but in the same Article it is provided that "he shall not express any opinion as to the weight of the evidence." And "it is beyond the province of the judge, sitting in à criminal cause, to discuss the facts, or use any argument in his charge calculated to rouse the sympathy or excite the passions of the jury. *It is his duty to state plainly the law of the case.*" Arts. 594, 595, Code of Cr. Pro.

It is certainly the intent of the law that a judge, in framing his charge, must keep within the restrictions above indicated, and that he should not undertake to advise the jury as to the proper process of reasoning upon facts, or by a dissertation, however it may be shaped, to instruct them upon the weight and effect of evidence. *Brown* v. *The State*, 23 Texas, 201. See, also, the case of *Massey* v. *The State*, decided during the present term of this court, *ante* p. 563.

To give a defendant the full benefit of an objection to a charge of the court, based upon the ground that it is upon the weight of evidence, the charge should be excepted to at the time. A charge plainly upon the weight of evidence is expressly made a ground for reversing a judgment when, by a bill of exceptions in the record, it is shown to have been excepted to at the time of the trial. Art. 603, Code of Cr. Pro. That was not done in this case, but, as before stated, the objection was first made the ground of a motion for a new trial. When it is made a ground for a motion for

new trial, it cannot avail the defendant unless such a charge was an error which, under all the circumstances in evidence as exhibited in the record, in the opinion of the appellate court was calculated to injure the rights of the defendant.

In cases of felony, among the causes for granting a new trial, the 2d is as follows: "Where the court has misdirected the jury as to the law, or has committed any other material error calculated to injure the rights of the defendant." Art. 672, Code of Cr. Pro. See the learned and exhaustive opinion of Chief Justice Roberts in the case of *Bishop* v. *The State*, 43 Texas, 390, where this subject is so ably discussed.

From a careful examination of the record we believe this 3d instruction given by the presiding judge was a charge upon the weight of the evidence, and was calculated to injure the rights of the defendant. The judgment of the district court is reversed and the cause remanded.

*Reversed and remanded.*