## MONROE HARRISON v. THE STATE.

1. CHARGE OF THE COURT must not invade the province of the jury, and should not extend beyond a plain statement of the law applicable to the case. It is not intended as a vent for philosophic disquisition on the nature of evidence, or dissertation upon processes of reasoning. And not only should it abstain from positive expression as to the weight of evidence, and from any discussion of the facts of the case, but so guarded should be its language that no inference of fact, however remote or obscure, can be drawn by the jury from the instructions given them.
2. SAME — PRACTICE IN THIS COURT. — Whether a charge on the weight of evidence prejudiced the defendant or not, it is error, by express provision of the Code, provided he excepted to it at the time of the trial.
3. PRIVILEGE OF COUNSEL. — The manner and extent of argument by counsel to the jury are in great measure confided to the discretion of the trial judge; and his exercise of that discretion will not be revised on appeal, except in a clear case of its abuse.

APPEAL from the District Court of Colorado. Tried below before the Hon. E. LEWIS.

This is the third appeal of this veteran case. In 3 Texas Ct. App. 558, and 6 Texas Ct. App. 42, may be found the reports of the case upon its first and second appearance in this court.

The indictment was presented in Lavaca County, and charged the appellant with the murder of Henry Griffith on October 17, 1876. By change of venue the last trial was had in the county of Colorado, and resulted in the appellant's conviction for murder in the second degree, and his consignment to the penitentiary for a term of five years. The report in 3 Texas Ct. App. 558, gives a

concise but sufficient statement of the facts of the homicide, and the opinion now reported the matters directly relevant to the rulings.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J. For the third time the appellant prosecutes his appeal to this court from a judgment of conviction for murder, and for the third time we are called upon to send the case back for another trial. On the first appeal the judgment was reversed chiefly because proof of venue did not appear in the statement of facts, and the action of the court in drawing a special *venire* and causing it to be served upon the defendant was deemed incompatible with the law. 3 Texas Ct. App. 558.

On a second appeal, to our last term of court at this place, the judgment of conviction was again reversed, because the evidence was wholly circumstantial and the court below refused an instruction requested by defendant as to the law in such cases, and failed to embody any instruction upon that subject in the general charge. 6 Texas Ct. App. 42.

Upon the last trial, the court gave the instruction requested upon the preceding trial, accompanied with the following disquisition: "What is termed circumstantial evidence is legal evidence, and is often as conclusive and strong upon the understanding as direct and positive evidence. Circumstantial evidence is, in the abstract, nearly, though perhaps not altogether, as strong as positive evidence. In the concrete, it may be infinitely stronger. A fact positively sworn to by a single witness of unblemished character is not so satisfactorily proven as a fact which is a necessary consequence of a chain of other facts sworn to by many witnesses of doubtful credibility. * * * The

only difference between positive and circumstantial evidence is, that the former is more immediate and has fewer links in the chain of connection between the premises and conclusion; but there may be perjury in both. A man may as well swear falsely to an absolute knowledge of a fact as to a number of facts from which, if true, the fact on which the question of innocence or guilt depends must inevitably follow. No human testimony is superior to doubt. Innocent men have doubtless been convicted and punished on circumstantial evidence, and innocent men have sometimes been convicted and executed on what is called positive proof. All evidence is more or less circumstantial, the difference being only in degree; and it is sufficient for the purpose when it excludes disbelief, — for he who is to pass upon the question is not at liberty to disbelieve as a juror whilst he may believe as a man.''

Apart from several palpable errors of law in this instruction, taken as a whole it invaded the province of the jury, and extended beyond a plain statement of the *law* of the case, to which the charge must be restricted under our system of jurisprudence. Evidently the learned judge mistook or overlooked the purpose and object of a charge upon circumstantial evidence, and instead of instructing the jury as to the nature and force of the conclusion which must impress itself upon their minds before they are authorized to convict upon that character of evidence, which is not only permissible but imperatively demanded by the law, he has undertaken to instruct and advise the jury as to the proper process of reasoning upon the facts, and as to the precautionary considerations to be borne in mind in coming to a proper conclusion upon the facts. '' The jury are bound to take the law from the court, and when the charge is made to embrace the rules of law, and philosophic dissertations upon the nature of evidence, the jury are not always capable of distinguishing the one from the other. A charge, therefore, which extends beyond a plain statement of the

*law* of the case, as required by the Code, may invade the province of the jury, the full and independent exercise of which has been so plainly and earnestly sought to be protected by the Legislature." *Brown* v. *The State*, 23 Texas, 195.

From the language and general tenor of the charge as set out above, the jury were well authorized to receive the same as an advice from the court that they need not be alarmed at the idea of finding a man guilty upon circumstantial evidence, because it was not only legal and competent, but frequently more convincing than positive testimony, even though the facts constituting the chain were testified to by witnesses of doubtful credibility, and that they were as likely to make a mistake and convict an innocent man upon positive testimony as upon circumstantial. The jury not only did not need this stiffening incitement to a discharge of their official duty, but the law absolutely forbade its administration by the court. "The measure of the law is not filled by mere abstinence of the judge from any positive expression as to the weight of the evidence, or his refraining from a positive discussion of the facts. The spirit of the law requires of him to avoid even the appearance of an intimation as to the facts, and to so guard the language of his charge that no inference, however remote or obscure, may be drawn by the jury as to the facts in evidence from the charge as given them, which is made the law of the case." *Stuckey* v. *The State*, 7 Texas Ct. App. 174. See also *Walker* v. *The State*, 42 Texas, 373.

The defendant having excepted to the charge of the court as upon the weight of evidence, we are forbidden by statute to inquire whether or not the defendant was thereby prejudiced, and are required to reverse the judgment without looking further. Code Cr. Proc., art. 685 ; *Bishop* v. *The State*, 43 Texas, 390 ; *Heath* v. *The State*, 7 Texas Ct. 464.

The extent and manner of argument by counsel to the

jury are confided in a great measure to the discretion of the judge who presides on the trial, which is not subject to revision except in a clear case of abuse. *Hines* v. *The State,* 3 Texas Ct. App. 483 ; *Dempsey* v. *The State,* 3 Texas Ct. App. 429. The bills of exception taken to the action of the court in refusing to permit counsel to read certain extracts from legal and scientific works to the jury fail to set out the extracts proposed to be read, and consequently we are not able to determine that it was a pertinent and legitimate process of argumentation, or that the discretion as exercised was an abuse and to the prejudice of the appellant.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*