ROBERT BARR, JR., *v.* THE STATE.

1. CHARGE OF THE COURT ON CIRCUMSTANTIAL EVIDENCE.— See the opinion in this case *in extenso* for a review of the adjudications in this State upon the question whether and how far it is incumbent on the trial courts, in cases dependent on circumstantial evidence alone, to give in charge to the jury, as part of the law of the case, the legal principles formulated and known as the " rule in Webster's case."
2. SAME.— Note instructions which are held to be defective and insufficient in the present case.
3. " REASONABLE DOUBT."— The doctrine of reasonable doubt applies to the general issue of guilty or not guilty, and it was not error to refuse a special instruction which attempted to apply it to each and every fact in proof.

APPEAL from the District Court of Travis. Tried below before the Hon. A. S. WALKER.

The indictment charged the theft, on the night of January 21st, 1881, of a watch and chain from the posses-

sion of W. M. Burton. The verdict returned by the jury was one of guilty, assessing the punishment at confinement in the penitentiary for two years.

W. M. Burton testified in substance that he boarded at the house of Mrs. James, near the capitol, in the city of Austin, and on the night of January 21st, 1881, met the defendant at supper at Mrs. James'. A short while after supper, the defendant invited him to stroll down town, and the two left together, visiting first a saloon near the court-house, where they each took a drink. Afterwards they visited two other saloons, taking one or two drinks at each place. At about 12 or 1 o'clock the witness, being pressed by the defendant to spend the night with him, accompanied him to his room. The witness, on taking off his clothes to retire, carefully folded them, as was his custom, inside out, and placed them on a chair near the bed on the side he occupied. His vest, which contained the watch, he folded so as to conceal the watch and chain, and hung it over his coat on the back of the chair. The two had been in bed but a short time when the defendant got out of bed on his side, and went around to the chair containing the witness' clothes and commenced fumbling with them. He then struck a match and continued fumbling with the clothes, and finally passed out of the room, saying he would return presently. He passed out in his night-clothes, and presently returned and went to bed, and the witness went to sleep. The witness thought strange of the defendant's conduct, but did not think he was stealing.

Witness did not wake up until 7 o'clock next morning, when the steam whistles in the neighborhood commenced blowing. He then missed his watch, and his pocket book containing some money and two free railroad passes. The witness told the appellant, after he examined his clothes, that he had been robbed, and the appellant said "if your watch is gone I'll pay for it." He and the.

appellant then examined the room carefully. The witness suspicioned the appellant at the time, but thought that he was trying to play a joke on him. Afterwards, during the morning, the witness met the appellant in the capitol grounds and told him that if he was joking with him in taking his property, the joke had gone far enough. The appellant replied very angrily, and threatened the witness for intimating that he stole the watch. Witness then replied " you d—d scoundrel, you stole my property." The appellant's mother at this juncture approached and took him away. The witness notified the pawnbrokers of his loss, and went to a justice of the peace to make complaint, and was there when the watch and chain were returned to him by Jack Goodman, who said that Robert Barr, Sr., had sent them. The witness then dropped the proceedings, and was called before the grand jury about the matter. One of the railroad passes taken at the same time was returned to the witness through the mail.

Jake Schneider, for the defense, testified that on or about the 22d day of January, 1881, a colored man handed him a free railroad pass for W. M. Burton, saying that he found it in front of witness' house, which is on the same street and side as appellant's house. He mailed the pass to Burton.

Cal. Metz testified that he kept a saloon on the opposite side of the street from the appellant's. The latter and the witness Burton were in his saloon on the night of the alleged robbery, about 12 o'clock, both drunk,— full. (The witness Burton had denied that he had been drunk since the night of December 25, 1880.)

Robt. Barr, Sr., testified for the defense that Burton and the appellant came to his house about 3 o'clock A. M. on the night of the alleged robbery, and judging from their talk they were both drunk. Next morning defendant's mother handed witness a watch and chain to be sent to Burton, and he gave it to Jack Goodman for that

purpose. The witness did not know whether or not the appellant was his son. He was not married to his mother.

Caroline Robinson, mother of the defendant, testified in substance that when she went into the room in which appellant and Burton slept, to make up the bed, she found the watch and chain in the bolster.

*Jones & Trigg*, for appellant.

*Horace Chilton*, Assistant Attorney General, for the State.

WINKLER, J.  The appellant being on trial, charged with the crime of theft, and his guilt depending on circumstantial evidence, the court in its general charge instructed the jury as follows:

"4th. The law prescribes no rule for the kind or amount of testimony other than that it must be sufficient to fully satisfy the jury of the existence of every fact necessary to constitute the guilt of the accused beyond a reasonable doubt. 5th. Unless the jury are satisfied of the existence of all the facts necessary to the guilt of the defendant, they will find him not guilty."

The question presented for our consideration and determination is, does the instruction given to the jury, in the two paragraphs of the charge set out above, constitute an appropriate charge on circumstantial evidence? In other words, does this instruction properly inform the jury as to the certainty to which this character of testimony must tend in order to form the basis of a conviction for crime?

It is no longer an open question in this court that an instruction on circumstantial testimony is not required to be couched in any definite form of language. It was said in *Rye* v. *State*, 8 Texas Ct. App., at page 160, "The law does not require that a charge on this or any other

subject should be couched in any particular set of words or phrases; so that the ideas are sufficient, and so expressed that the jury can readily comprehend the meaning of the language employed, the demand of the law will be satisfied." This language was used with reference to a charge on circumstantial evidence which had been embraced in the general charge, and which was deemed by this court a sufficient charge on circumstantial testimony.

In *Taylor* v. *State*, 9 Texas Ct. App., at page 104, it was said: "In such a case (one dependent on circumstantial evidence), each fact in a chain of facts from which the main fact in issue is to be inferred must, it is true, be established by competent evidence; which is merely another way of stating the proposition that each fact in such chain must be established in proof by evidence, for any other evidence save competent evidence is, in legal contemplation, no evidence. But these isolated facts need not be proved by the same weight and force of evidence as if each one were the main fact in issue; neither need all the facts in evidence before the jury be consistent with each other and the main fact to be proved. The only rule which can be regarded as of practical application in the administration of the law is, that the legal test is the sufficiency of the evidence to satisfy the understanding and conscience of the jury, and to produce in their minds a moral certainty of the guilt of the prisoner, to the exclusion of every reasonable doubt. When the jury is substantially informed of this requisite, as was done in this case, the law is satisfied." The case of *Brown* v. *State*, 23 Texas, 195, is cited in support of this position. *Hardin* v. *State*, 8 Texas Ct. App. 653, which is dependent for its support on *Brown* v. *State*, in order to be properly understood should be considered with reference to the facts in *Brown's* case. *Hardin's* case was not wholly dependent upon circumstantial evidence, and affords no rule applicable to the present inquiry.

Whilst the rulings both in *Taylor's* and in *Brown's* cases are deemed correct, still, when quoted as authority on the general subject of the necessity of a charge on circumstantial testimony, it must be borne in mind that in each of the cases this court was asked to pass upon charges which had been requested by the defendant and refused by the trial courts, and in both cases, as appears from the opinions and reports, the courts below had given to the respective juries a charge which was manifestly deemed appropriate. (See the opinion in *Taylor's* case, and the reporter's statement in *Brown's.*) In our opinion neither of these cases decides the question whether or not a charge on circumstantial evidence should be given, in a proper case, as a part of the law of the case. *Taylor's* case, however, does support the position that such a charge need not be couched in any specified language.

In *Henderson* v. *State*, 14 Texas, at page 514, the court having under consideration the question of the certainty of circumstantial evidence, it was discussed at some length. Wheeler, J., delivering the opinion, uses this language: "The result of the rules of law respecting the sufficiency of circumstantial evidence is very well and concisely stated by the reporter in the case of *The Commonwealth* v. *Webster*, before cited, thus: 'In order to warrant a conviction of crime on circumstantial evidence, each fact necessary to the conclusion sought to be established must be proved by competent evidence, beyond a reasonable doubt; all the facts (that is, the facts necessary to the conclusion) must be consistent with each other and with the main fact sought to be proved; and the circumstances, taken together, must be of a conclusive nature, leading on the whole to a satisfactory conclusion, and producing in effect a reasonable and moral certainty that the accused, and no other person, committed the offense charged.'" In this case, whilst it is not decided what a charge on circumstantial evidence should contain, it is

apparent that in the opinion of the Supreme Court the charge in *Webster's* case was, to say the least, an appropriate instruction on such a subject; as was also held by this court in *Hampton* v. *State*, 1 Texas Ct. App. 652.

In *Rodriguez* v. *State*, 5 Texas Ct. App. 256, this court said: "The doctrine with regard to the conclusiveness and effect of this character of testimony (circumstantial) seems now to be well settled in this state," citing the rule in *Webster's* case, adopted in *Hampton's* case above referred to, and quoting also the rule laid down in *Williams* v. *State*, 41 Texas, 207; thus holding that either rule would fill the demands of the law.

It was not until the decision of the case of *Hunt* v. *State*, 7 Texas Ct. App. 212, that it was ever expressly decided in Texas that, in trials for felony where the proof of guilt depended alone on circumstantial testimony, the court should charge on that character of evidence, as a part of the law of the case, whether requested to do so or not. In this case it was said that "It is no new principle in the law of this State that, to justify a conviction upon circumstantial evidence alone, the facts relied on must be absolutely incompatible with the innocence of the accused, and incapable of explanation upon any other reasonable hypothesis than that of guilt (citing *Barnes* v. *State*, 41 Texas, 343, and *Black* v. *State*, 1 Texas Ct. App. 391). If this be so, certainly a jury called to pass upon a case of that character should be informed of the rule as a part of the law applicable to the case." In *Hunt's* case it was further said, "An ordinary charge upon the law of reasonable doubt, copied from the statute, cannot convey to their minds a clear conception of this exaction of the law when a conviction is sought upon circumstantial testimony alone; and without some definite rule for their guidance,— a rule which will serve to impress itself upon their minds, and cause them to weigh most carefully all the facts, isolated or connected, from which they must

reach their conclusion by reasonable inference,— they are not unlikely in many instances to found their verdict upon strong suspicion or mere probability, which will not suffice under the law."

It was further said, p. 236: "And it is believed that the adjudicated cases in our State furnish no instance of a conviction for a grave felony upon circumstantial testimony alone, unless the charge of the court plainly directed the jury as to the principles of law which should govern them in reaching their conclusion."

In our opinion the rule laid down in *Taylor* v. *State*, 9 Texas Ct. App. 104, and that laid down in *Brown* v. *State*, 23 Texas, 195, when treated in the light of the fact that in each of those cases the jury had been informed with reference to their duty under the facts of those cases, are susceptible of being reconciled with the ruling in *Hunt* v. *State*.

The charges asked by defendant's counsel were objectionable in that it was attempted to apply the reasonable doubt to each isolated fact and feature of the evidence. The law on reasonable doubt is that it applies to the whole case, and not to every particular.    *Webb* v. *State*, 9 Texas Ct. App. 490.

On a careful consideration of the adjudicated cases, however, we are constrained to say that in our opinion the charge given in the present case must be held defective and insufficient as a charge on circumstantial evidence, in that it fails to call attention to the subject at all, or to meet the requisites of any of the charges on the subject which have been approved in terms by either the Supreme Court or this court; but especially in that the charge fails to instruct the jury that the facts proved from which the defendant's guilt is to be inferred must not only be consistent with his guilt, but they must also be incapable of any other conclusion than the single one of his guilt, and because of this defect in the charge, the judgment must be reversed and a new trial awarded.

Other interesting questions argued by counsel for appellant need not be considered, as they are all susceptible of being corrected on another trial, if indeed they be errors. Because of a defect in the charge of the court as to the law of the cases, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*