[No. 1789.]

## John Vaughn v. The State.

1. Theft — Circumstantial Evidence. — Charge of the Court should comprehend the law of circumstantial evidence when the State relies upon that character of evidence alone, to secure a conviction.

2. Same.— Evidence that the defendant's first connection with the stolen property was subsequent to the taking. and that he purchased it, either in good or bad faith, and whether he knew or did not know the owner, may be sufficient to sustain a conviction for receiving stolen property, but will not sustain a conviction for theft of the property. See the opinion *in extenso* for a charge of the court *held* error, but, because not properly excepted to, not necessarily reversible error.

Appeal from the District Court of Johnson. Tried below before J. W. Hall, Special Judge.

The conviction in this case was for the theft of six head of cattle, the property of W. J. Richardson, on the 10th day of October, 1883. A term of five years in the penitentiary was the punishment assessed by the verdict.

W. J. Richardson was the first witness for the State. He testified that in October, 1883, he lived about one mile north of the town of Cleburne in Johnson county. He knew the defendant by sight, having seen him a few times. On or about the night of the 1st day of the said October, the defendant and his family, having a load of household goods with them, camped near the house of the witness. On the next morning, the witness found that the defendant and his family had left the camp, and at the same time he missed six head of his, witness's, cattle. Witness then started in pursuit of the defendant and followed the trail of the wagon and the cattle some seven or eight miles, at which point he lost the trail, a heavy rain having fallen and obliterated it. In the May following, the witness was informed that his missing cattle were in Parker county. Witness repaired to the said Parker county, and found two head of

his missing cattle in the possession of one Mr. Black, and four head in the possession of one Bill Worley   The witness identified these animals both by the brands and by their flesh marks.   The cows were branded W. R. on the hip.   An attempt had been made to change both the brands and marks.   Of the six animals three were cows and three were calves or yearlings.   One of the yearlings was in the W. R. brand.   Witness knew these animals to belong to him, and to be the same taken from his possession, without his knowledge or consent, in Johnson county, Texas, on or about the night of October 1, 1883.   Witness was unable to say that the wagon, the track of which he followed, was defendant's, or not.

John Black was the next witness for the State.   He testified that he· knew the defendant.   About the 1st day of December, 1883, the defendant, having his family and some cattle with him, came to the witness's house in Parker county, Texas.   He sold to the witness two head of cattle branded W. R. on the left hip, which brands, the witness observed, had been tampered with.   He told the witness that his name was Fowler, that he was a United States detective, that he brought the cattle from the neighborhood of Cleburne in Johnson county, where he had other cattle, and to which point he intended to return.   Defendant picked cotton in the neighborhood of the witness until about January, 1884, when he left.   About the 1st of May, 1884, Mr. W. J. Richardson of Johnson county came to the house of the witness, described the cattle by flesh marks, marks and brands, before he saw them, and he claimed and recovered them.

William Worley was the next witness for the State.   He testified that the defendant, John Vaughn, came to his house in Parker county, Texas, on or about December 1, 1883, and requested him, witness, to take care of four head of cattle for him — two cows and two calves or yearlings — until he could go to, and return from, Limestone county, where he said he lived.   Witness took charge of the cattle, Mr. Vaughn left, and the next time the witness saw Mr. Vaughn he was in the Johnson county jail.   Early in May, 1884, Mr. W. J. Richardson of Johnson county came to the witness's house and proved his title to the cattle and recovered them.   The marks and brands had been changed, but the old brand, W. R., showed very plainly under the new brands.   Defendant told the witness that his name was Fowler, and that he lived in Limestone county.

Thomas Coulter testified that he arrested the defendant upon the charge of stealing Richardson's cattle.   When he made the arrest

he asked defendant where he got the cattle. Defendant told him that he bought them on the line of Johnson and Parker counties.

The refusal of the application for a continuance, the charge of the court noticed in the opinion, and the insufficiency of the evidence, were the grounds assigned in the motion, for a new trial.

*S. Heard*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

Hurt, Judge. This is a conviction for theft of cattle, resting alone upon circumstantial evidence, and the law applicable to such a case was not given in charge to the jury. This was error. (*Brown* v. *The State*, 23 Texas, 195; *Cave* v. *The State*, 41 Texas, 182; *Hunt* v. *The State*, 7 Texas Ct. App., 212; 9 Texas Ct. App., 105; *Id.*, 275; *Id.*, 299; *Id.*, 476; 10 Texas Ct. App., 293; *Id.*, 485; *Id.*, 507; 11 Texas Ct. App., 456; *Id.*, 631; 12 Texas Ct. App., 283; *Id.*, 657; 13 Texas Ct. App., 51; *Id.*, 309; *Id.*, 493; *Id.*, 669; 14 Texas Ct. App., 96; *Id.*, 312; 16 Texas Ct. App., 144; *Id.*, 237; *Id.*, 258; *Id.*, 341.)

The learned judge below charged the jury: "But, on the other hand, if you believe from the evidence that the defendant purchased said cattle from some person other than the owner, and that defendant did not know that such person from whom he purchased said cattle (provided you find from the evidence he did purchase them) was not the owner of the same, but that he bought them in good faith, not knowing that said Richardson owned said cattle, then, in case you so find, you will acquit the defendant, and you will say so by your verdict." Now, what is the converse of this proposition? Evidently not to acquit, if, from the evidence, the jury should believe that defendant did know that the person from whom he purchased was not the owner; nor to acquit if the jury should believe that defendant knew that Richardson was the owner, and that he bought in bad faith.

Just here we desire to state, and emphasize the statement, that, if defendant's first connection with the cattle was *subsequent to the taking*, whether by a purchase in good or bad faith, or whether he knew the owner or not, most evidently *he would not be guilty of the theft* of the cattle. That he may have been, under the above circumstances, guilty of receiving stolen property, is not in this case, because of this he has not been charged. Under the indictment in this case, was he guilty of the theft of the cattle was the only issue.

We would not reverse the judgment for the error in this charge, because in the light of the evidence it is abstractly erroneous, and was not objected to at the trial.

Because the court failed to charge the law applicable to a case of circumstantial evidence, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

[Opinion delivered February 14, 1885.]